Orrin R. ONKEN, Plaintiff,

v.

W.L. MAY CO., Defendant.

Civil No. 02–1638–MO.

United States District Court,
D. Oregon.

Feb. 17, 2004.

Craig Alan Crispin, Philip A. Overcash, Crispin & Associates Employment Lawyers, for Plaintiff.

John F. Neupert, Tamara E. Russell, Miller Nash, LLP, Portland, OR, for Defendant.

## ORDER

MOSMAN, District Judge.

Before the court is defendant W.L. May Co.'s motion for summary judgment. For the reasons briefly discussed below, the court DENIES the motion. (Doc. # 24).

## I

Construed in favor of the non-movant, the facts are as follows. Defendant hired plaintiff Orrin R. Onken as a data-entry clerk in January 2002. In June 2002 defendant terminated plaintiff's job. Plaintiff alleges that defendant fired him out of illegal retaliation.

Specifically, plaintiff contends the company fired him for assisting a coworker, Joe Lovings, in filing a wage and hour claim with Oregon's Bureau of Labor and Industries ("BOLI"). Plaintiff alleges that defendant failed to pay Lovings appropriate overtime pay. Read in favor of plaintiff, the record shows that he told Lovings about his federal wage rights and BOLI. Lovings thereafter filed a BOLI claim, in support of which plaintiff drafted two letters. When defendant received notification of Lovings' claim, defendant's management became angry over plaintiff's involvement. A few days after receiving notification of Lovings' claim, which defendant paid in full, defendant fired plaintiff.

Two days after being fired, plaintiff applied for unemployment benefits from the Oregon Department of Labor. In response to a question in the application about the reason for his job loss, plaintiff checked a box marked "lack of work."

In December 2002 plaintiff filed this lawsuit, asserting claims for anti-retaliation under the federal Fair Labor Standards Act ("FLSA") and two Oregon statutes, ORS 652A.230 and ORS 652.355. Plaintiff also asserts a common law wrongful discharge claim based on the alleged statutory violations.

## II

Rule 56 allows a court to grant summary judgment only when the moving party shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. 56(c).

 Defendant first seeks summary judgment on the grounds that plaintiff's representation of "lack of work" in seeking unemployment benefits judicially estops him from arguing retaliation in this case. Judicial estoppel is a discretionary doc-

trine based on equitable considerations. *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir.1990). It is designed to prevent parties from playing "fast and loose" with the judicial system by taking clearly inconsistent positions. *In re Corey,* 892 F.2d 829, 836 (9th Cir.1989). There is no indication plaintiff has attempted deliberately to mislead or otherwise play "fast and loose" with the judicial system. Plaintiff marked "lack of work" two days after defendant expressly told him he was being laid off to make room for another employee. The court declines to apply judicial estoppel under the circumstances presented here.

Defendant next argues that plaintiff did not engage in any statutorily protected conduct, therefore making summary judgment appropriate. Defendant concedes there is a question of material fact regarding its motive in firing plaintiff, but argues that helping a coworker does not qualify as protected conduct under FLSA's anti-retaliation provision or ORS 652.355(1).[1]

■ Because FLSA is a remedial statute, it "must not be interpreted or applied in a narrow grudging manner." *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597, 64 S.Ct. 698, 88 L.Ed. 949 (1944). Instead, the statute must be "interpreted broadly" to effectuate its underlying purposes. *Williamson v. General Dynamics Corp.,* 208 F.3d 1144, 1151 (9th Cir.2000). Congress made the policy decision to rely on employees to enforce those purposes. See *Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960). The statute's anti-retaliation provision, therefore, is designed to encour-

age employees to report alleged violations of FLSA's substantive provisions without fear of reprisal. See *Lambert v. Ackerley,* 180 F.3d 997, 1004, 1008 (9th Cir.1999).

■ FLSA's anti-retaliation provision, in relevant part, prohibits an employer from discharging an employee because the employee "caused to be instituted any proceeding" related to the assertion of wage rights. 29 U.S.C. § 215(a)(3).[2] The court rejects defendant's threshold argument, that the anti-retaliation provision protects only those employees who are asserting their *own* wage rights. Most significantly, the statutory language does not expressly support defendant's narrow interpretation. Indeed the provision defines the protected conduct at issue in broad language. See 29 U.S.C. § 215(a)(3) (protecting from retaliation "*any* employee" who has "caused to be instituted *any* proceeding" (emphasis added)). In addition, defendant's narrow interpretation undermines the provision's overarching purpose, encouraging employees to reveal employers' statutory violations. Accordingly, under the circumstances of this case—in which plaintiff allegedly caused a particular employee to assert a wage claim—the court concludes that plaintiff has sufficiently alleged the existence of protected conduct.

■ The court rejects defendant's suggestion that plaintiff's complaint insufficiently alleges he "caused" Lovings' claim. The complaint expressly states, *inter alia,* that plaintiff "encouraged" Lovings to file a BOLI claim. Under the Federal Rules' notice pleading standard, plaintiff's allegations are sufficient. See generally *Swier-*

---

1. ORS 652.355(1)'s language is almost identical to that of FLSA's anti-retaliation provision. The court, therefore, treats the provisions the same for purposes of this motion.

2. The anti-retaliation provision also prohibits retaliation against an employee who has

"filed any complaint," "has testified," or "is about to testify" regarding wage rights. 29 U.S.C. § 215(a)(3). For purposes of resolving defendant's summary judgment motion, however, the court need not decide whether plaintiff's conduct constituted these other grounds of protected conduct.

*kiewicz v. Sorema N.A.*, 534 U.S. 506, 512–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

■ Reading the record in plaintiff's favor, material fact issues exist as to whether he caused a wage proceeding to be instituted. For example, plaintiff testified that he informed Joe Lovings about BOLI and his statutory rights. Shortly thereafter, Lovings filed a claim. Plaintiff wrote a letter for the BOLI proceeding explaining the legal grounds for the claim. Moreover, after Lovings told plaintiff he needed corroborating evidence from a witness, plaintiff wrote and signed a second letter in support of the claim. In sum, the record contains sufficient evidence to give rise to a material issue of fact as to whether plaintiff caused Lovings to commence proceedings before BOLI.

### III

For the reasons briefly discussed above, the court DENIES defendant's motion for summary judgment.[3] (Doc. # 24).

IT IS SO ORDERED.

3. The court recognizes that ORS 659A.230(1), under which plaintiff also sues, does not have the "caused to be instituted" language. However, deciding whether ORS 659A.230(1) applies neither has bearing on the ultimate disposition of defendant's motion nor on how the case otherwise will proceed. Accordingly, the court reserves ruling on any issues under ORS 659A.230(1) at this time.